IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE WAYNE EMERSON, § <br> Plaintiff, § <br> § No. 3:20-cv-2163-L (BT) <br> v. § <br> § (Consolidated with Civil Action <br> WARDEN LEWIS, § Nos. 3:20-CV-2305-L and <br> Defendant. § 3:20-CV-2306-L) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action filed by Plaintiff Terrance Wayne Emerson, a former inmate at the Texas Department of Criminal Justice on the Huntsville Unit. On August 31, 2020, the Court closed and consolidated two of Emerson's cases. On September 1, 2020 and September 9, 2020, mail directed to Emerson was returned to the Court as undeliverable as addressed and unable to be forwarded. Emerson has failed to keep the Court apprised of his current address.  Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per

curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, this litigation cannot proceed because the Court has no means to communicate with Emerson. On August 19, 2020, the Court mailed Emerson a notice of deficiency and order to pay the filing fee or request leave to proceed *in forma pauperis*. (ECF No. 4). The order also directed Emerson to file his claims on an approved form. *Id.* The Court sent the notice of deficiency and order to Emerson at the Huntsville Unit, the only address the Court has for Emerson. That mail was received back from the Huntsville Unit marked, "Return to Sender - Unclaimed - Unable to Forward – Discharged." (ECF No. 6). Emerson failed to provide the Court with a current address, so the Court is unable to communicate with him and advise him of the requirements to pay the filing fee or request leave to proceed *in forma pauperis* and to file his claims on an approved form. This litigation cannot proceed until he cures these deficiencies. By failing to provide the Court with a current address, Emerson has failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances.

    The Court should dismiss Emerson's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 15, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).